**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| CHRISTOPHER BOFFOLI, an individual, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., a Delaware Corporation; <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

CHRISTOPHER BOFFOLI, ("Boffoli" or "Plaintiff") hereby alleges for his complaint against Twitter, Inc. ("Twitter") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.     NATURE OF THE CASE

1. This is a claim for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.

## II.     JURISDICTION AND VENUE

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has general jurisdiction over Twitter because it conducts substantial business in the State of Washington. This Court has specific jurisdiction

because Twitter purposefully availed itself of the benefits of the State of Washington by conducting business here and advertising to Washington consumers, among other actions.

4. The claims alleged in this Complaint arise in the State of Washington and the Western District of Washington.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1-3).

### III. PARTIES

6. Plaintiff is an individual and resident of the Western District of Washington.

7. Upon information and belief, Twitter is a Delaware corporation with its headquarters and principal business address at 795 Folsom St., Ste 600, San Francisco CA 94107.

### IV. FACTS

**A. Boffoli created copyrightable photographs and registered them with the U.S. Copyright Office.**

8. Boffoli is a James Beard-award nominated art photographer who created the "Disparity Series", a series of art photographs featuring miniature figures in whimsical poses on fruit. The Disparity Series has been featured in numerous magazines, newspapers, television, and other media, including the Washington Post, Der Spiegel in Germany, Oprah.com, NBC and ABC television series, the Telegraph, Daily Mail and Sun in the United Kingdom, the Telegraph in Australia, and The Nation in Pakistan, along with tens of others. To date, the Disparity Series has been published in print and online in more than 90 countries.

9. Boffoli's business is based on licensing and selling photographs he creates. Disparity Series photographs are currently available for purchase at five fine art galleries located in New York, Seattle, London, Toronto, and Monaco. Disparity Series photographs can also be purchased over the Internet, including through Boffoli's website. Boffoli has licensed use of the Disparity Series photographs to greeting card companies, calendars, and others.

10. Boffoli registered the Disparity Series photographs with the U.S. Copyright Office and was issued Copyright Registration No. VAu001106484 (June 13, 2011).

**B.     Twitter published and displayed copies of Boffoli's photographs without license or permission from Boffoli.**

11. Twitter operates an Internet-based service that allows its users to send messages through Twitter's website and mobile site, client applications, or third-party applications. Twitter calls its messages "Tweets". Tweets can contain a link to a video or image that is either hosted on Twitter's computer servers, or on third-party servers. Twitter has thousands or hundreds of thousands of users in this District, including individuals, corporations, and government entities. Thousands or hundreds of thousands of Tweets are sent to and from this District every month.

12. Twitter users copied numerous photographs from the Disparity Series without license or permission from Boffoli (the "Infringing Uses"). The Infringing Uses were hosted either on Twitter or on third-party servers. For each Infringing Use, the Twitter user sent a Tweet advertising or linking to the Infringing Use.

**C.     Twitter failed to remove the Infringing Uses despite notice from Boffoli.**

13. Twitter can remove each Infringing Use that is hosted on Twitter. Twitter can also disable each Tweet advertising or linking to an Infringing Use, regardless of whether the photograph is hosted on Twitter's servers or on the Twitter user's or third-party servers.

14. Twitter has registered an agent with the United States Copyright Office for receipt of Digital Millenium Copyright Act ("DMCA") notices.

15. On July 12, 2012, Boffoli sent a notice by email to Twitter's registered agent regarding some of the Infringing Uses. Twitter responded by email that it received Boffoli's notice.

16. On July 26, 2012, Boffoli sent a notice by email to Twitter's registered agent regarding additional Infringing Uses. Twitter responded by email that it received Boffoli's notice.

COMPLAINT FOR COPYRIGHT INFRINGEMENT- 3

NEWMAN DU WORS LLP

1201 Third Avenue, Suite 1600
Seattle, Washington 98101
(206) 274-2800

17. On August 2, 2012, Boffoli sent a notice by email to Twitter's registered agent regarding additional Infringing Uses. Twitter responded by email that it received Boffoli's notice.

18. On August 16, 2012, Boffoli sent a notice by email to Twitter's registered agent regarding additional Infringing Uses. Twitter responded by email that it received Boffoli's notice.

19. Boffoli never authorized the Infringing Uses.

20. Twitter has not removed or disabled access to the Infringing Uses.

## V.   CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

21. Boffoli hereby incorporates Paragraphs 1-20 by reference.

22. Boffoli is, and at all relevant times has been, the owner of the copyright in the photographs in the Disparity Series.

23. Each photograph in the Disparity Series is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

24. Boffoli has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

25. Boffoli registered the copyright in each photograph in the Disparity Series with the United States Copyright Office.

26. Boffoli has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the photographs in the Disparity Series, (2) prepare derivative works based on the Disparity Series, (3) distribute copies of the Disparity Series, and (4) display the Disparity Series publicly.

27. Without the permission or consent of Boffoli, photographs from the Disparity Series were reproduced, derivative works were made from, copies were distributed of, and the photographs were displayed on Twitter.

28. Boffoli's exclusive rights in the photographs in the Disparity Series were violated.

29. Twitter induced, caused, or materially contributed to the Infringing Uses.

30. Twitter had actual knowledge of the Infringing Uses. Boffoli provided notice to Twitter in compliance with the DMCA, and Twitter failed to expeditiously disable access to or remove the Infringing Uses.

31. Twitter acted willfully.

## VI.   RELIEF REQUESTED

WHEREFORE, Boffoli asks this Court to enter judgment against Twitter and Twitter's subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Disparity Series by Twitter under 17 U.S.C. § 502;

2. An order requiring the destruction of all copies made by or under the control of Twitter of the photographs in the Disparity Series and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3. An award of the actual damages suffered by Boffoli as the result of Twitter's infringement plus the profits of Twitter attributable to the infringement under 17 U.S.C. § 504(b);

4. Alternatively, if Boffoli so elects, an award of statutory damages for each infringement of the Disparity Series under 17 U.S.C. § 504;

5. A judgment that Twitter's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7. For such other and further relief as may be just and proper under the circumstances.

//
//
//

Dated this 10th day of September, 2012.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: /s/ Keith Scully
Keith Scully, WSBA No. 28677

Attorneys for Plaintiff
CHRISTOPHER BOFFOLI

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Christopher Boffoli demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated this 10th day of September, 2012.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: /s/ Keith Scully
Keith Scully, WSBA No. 28677

Attorneys for Plaintiff
CHRISTOPHER BOFFOLI